IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
_____ DIVISION

| | | |
|---|---|---|
| RICHARD L. SHORKEY EDUCATION AND REHABILITATION CENTER OF SOUTHEAST TEXAS<br>    Plaintiff<br><br>v.<br><br>WRIGHT NATIONAL FLOOD INSURANCE COMPANY<br>    Defendant | §§§§§§§§§§§ | Civil Action No. _____<br><br>JURY REQUESTED |

PLAINTIFF'S COMPLAINT

TO THE HONORABLE COURT:

COMES NOW, Richard L. Shorkey Education and Rehabilitation Center of Southeast Texas, (herein after referred to as "Plaintiff" or "Shorkey Center"), complaining of Defendant Wright National Flood Insurance Company (hereinafter referred to as "Defendant" or "Wright") and hereby respectfully shows unto the Court as follows:

## I.   PARTIES

1. Plaintiff Richard L. Shorkey Education and Rehabilitation Center of Southeast Texas, is a domestic non-profit organization that provides specialized education and rehabilitation of children with special needs that operates and is located in Beaumont, Texas.

2. Defendant Wright National Flood Insurance Program is a domestic for-profit insurance corporation doing business in the State of Texas pursuant to the National Flood Insurance Program.

Wright may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201-3136.

## II.  JURISDICTION & VENUE

3. This Court has jurisdiction of this action pursuant to the National Flood Insurance Act, specifically 42 U.S.C. §4001, *et. seq.*

4. Venue lies in the Eastern District of Texas, pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the events or omissions giving rise to this claim, or a substantial part of property that is the subject of the action is situated in Beaumont, TX, over which the Eastern District of Texas has jurisdiction. The Shorkey Center is specifically located at 855 S. 8th St., Beaumont, TX 77701, and Wright issued an insurance policy that is the subject of this lawsuit for the Shorkey Center, insuring this property.

## III.  CONDITIONS PRECEDENT

5. All conditions precedent to recovery have been performed, waived, or have occurred.

## IV.  FACTS

6. The Shorkey Center is located at 855 S. 8th St., Beaumont, TX 77701 (hereinafter "the property"). The Shorkey Center is a non-profit rehabilitation and education center for special needs children and serves the greater Beaumont area accordingly. The Shorkey Center purchased flood insurance, and was issued a Standard Flood Insurance Policy under the National Flood Insurance Program through Wright National Flood Insurance Company, a write-your-own (WYO) insurance carrier. Specifically, Wright sold and issued policy no. 42115000226908, or NFIP policy no. 1150002269 to the Shorkey Center, which covered events that occurred from June 17, 2017 – June 17, 2018 (hereinafter "the policy").

Plaintiff's Complaint    2

7. Shortly after the policy was issued / renewed, the Shorkey Center sustained extensive damages in Hurricane Harvey on or around August 29, 2017. Hurricane Harvey was one of the most devastating hurricanes of all time, and dumped a record amount of rain in the Houston area, and surrounding communities, such as the Golden Triangle, of which Beaumont is a part of, with up to 49" of rain in the Beaumont area.[1]

8. The Shorkey Center filed a claim with Wright and submitted their claim against the policy. Wright assigned claim number 17-0032479 to the Shorkey Center's claim (hereinafter "the claim"). The Shorkey Center asked that Wright cover the cost of repairs to the property pursuant to the policy and any other available coverages under the policy. The policy provided coverage for losses such as flood damage from Hurricane Harvey.

9. Wright assigned the claim to Jessica Alcorn to adjust, investigate, and prepare an estimate of damages. Ms. Alcorn took several months to complete her inspection and report, and issued her estimate of repairs on December 28, 2017, and recommended a total actual cash value payment of $14,549.38 for all of Shorkey Center's flood-related damages. This estimate greatly under-valued, severely depreciated, and underscoped the amount of damages to the Shorkey Center that resulted in flood and were covered under the policy.

10. Specifically, the Shorkey Center sustained damages to the following areas as a result of the flood: 1) ABA Gym, 2) ABA Storage Area, 3) ABA Dressing Room, 4) ABA Bathroom, 5) ABA Gym Hall, 6) Swimming pool area, 7) Swimming pool hall, 8) Laundry room, 9) ABA class bathroom, 10) Library, 11) PT Storage Room, 12) PT Playroom, 13) PT Gym, 14) Pool equipment room, 15) Cafeteria, 16) Kitchen 1, 17) Boardroom Hallway, 18) PT hallway, 19) Copy Room, 20) Copy room Bathroom, 21) AC Mechanical Room, 22) Office storage closets, 23) Storage

---

[1] *See* Eric S. Blake and David A. Zelinsky, Nat'l Hurricane Center Tropical Cyclone Report – Hurricane Harvey (2017) *available at* https://www.nhc.noaa.gov/data/tcr/AL092017_Harvey.pdf (last visited Aug. 27, 2018) at p. 39.

Plaintiff's Complaint    3

hallway, 24) Boys' front bathroom, 25) Girls' front bathroom, 26) Insurance / Billing room, 27) PT Bathroom, 28) Computer room, 29) Daycare hallway, 30) Daycare office, 31) Finance office, 32) Front office, 33) Director's office, and 34) Main entry hallway. The total cost of flood-related repairs is estimated to be $87,311.60 on an actual cash value basis and after the deductible. These areas include significant amount of repairs, including mucking-out and cleaning up the debris from the flood damages, drying out the rooms properly, cleaning the floor and applying anti-microbial agents, and in some rooms removing and replacing damaged shelving and cabinetry (such as in the library and PT gym). In other rooms, the tile flooring or carpeting must also be removed and replaced due to the flood damage, such as in the swimming pool area, swimming pool hallway, ABA classroom, ABA classroom bathroom, PT play room, PT gym, cafeteria, PT hallway, copy room, copy bathroom, office storage closets, storage hallway, girls' and boys' front bathrooms, insurance / billing room, PT bathroom, computer room, daycare hallway, daycare office, finance office, front office, director's office, main entry hallway). Ms. Alcorn's estimate only accounted for 16.66% of the total amount of damages related to flood. In particular, she failed to allocate any funds in her estimate for the damages found in the ABA storage area, laundry room, ABA classroom, library PT storage room, PT bathroom, PT gym, PT hallway, pool equipment room, kitchen, storage closets and hallway, boys' and girls' front bathroom, computer room, and daycare hallway. Even for the rooms that she did account for, she severely undervalued and/or over-depreciated the amount of actual cash value loss. Moreover, she rarely allocated any funds towards removing and replacing damaged flooring. Moreover, this kind of work will require a general contractor, and as such overhead and profit is necessary, to coordinate all the multiple trades. However, Ms. Alcorn allocated no funds towards overhead and profit.

11. Ms. Alcorn submitted her estimate to Wright and Wright accepted the same without further investigation. Wright failed to conduct a proper investigation of Plaintiff's damages. Wright failed to perform its contractual duty to compensate Plaintiff for its damages pursuant to the terms of the policy. Specifically, it failed and refused to pay all of the damages owed under the policy for the Shorkey Center's flood-related damages, although due demand was made for the proceeds, in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the policy have been carried out and accomplished by Plaintiff. Wright's conduct constitutes a breach of the insurance contract between Wright and Plaintiff.

12. Thereafter, the Shorkey Center submitted a proof of loss to Wright, asking it to pay the $87,311.60 owed under the policy. Wright rejected the proof of loss, but recognized that it owed supplemental payment to the Shorkey Center for damages not included with Ms. Alcorn's original estimate. However, to date, Wright has refused to tender such payment.

## V.   CAUSE OF ACTION: COUNT 1: BREACH OF CONTRACT

13. Plaintiff re-incorporates the above paragraphs as if more fully stated herein.

14. To prevail on a valid breach of contract claim, Plaintiff must prove that 1) there was a valid contract; 2) that Plaintiff has performed its obligations under the contract or tendered performance; 3) that the defendant has breached the contract in some manner; and 4) plaintiff has sustained damages as a result of defendant's breach. *See Brooks v. Excellence Mortgage, Ltd.*, 486 S.W.3d 29, 36 (Tex.App.—San Antonio 2015, pet. denied).

15. At the time of Hurricane Harvey, Plaintiff had a policy signed and executed by Wright.

16. Plaintiff's premiums were current, and all conditions precedent to recovery were made. Furthermore, Plaintiff fulfilled its obligations under the policy, and more specifically, executed its duties under the contract after loss. This includes the fact that Plaintiff submitted a proof of

loss, claiming $87,311.80 in flood-related damages to Wright, of which Wright has not yet accepted. Instead, Wright tried to force Plaintiff sign a substandard proof of loss, which does not account for all of Plaintiff's damages, in order to issue payments it knows that it owes under the policy. Though Wright is aware that it owes Plaintiff additional policy benefits, it has failed to make this payment.

17. Wright wrongfully failed to comply with the terms of the contract, and failed to pay Plaintiff its properly owed benefits after a covered loss. Wright is therefore in breach of the contract of insurance issued to Plaintiff.

18. Wright's conduct constitutes a breach of contract resulting in damages to the Plaintiff.

## VI.   DAMAGES

19. As a direct result of Defendant's conduct, Plaintiff has suffered economic actual damages as a result of Wright's breach of contract.

## VII.   PRAYER FOR RELIEF

20. Plaintiff asks that it has judgment against Defendant for its economic damages, and pre-judgment and post-judgment interest as allowed by law, costs of suit, and all other relief to which Plaintiff may show itself entitled.

Respectfully Submitted,

THE BRASHER LAW FIRM, PLLC

By:   */s/ Nishi Kothari*
Clint Brasher
Texas Bar No. 24009915
clint@brasherattorney.com
Nishi Kothari
Texas Bar No. 24087862
nishi@brasherattorney.com
Joe Muckleroy
Texas Bar No. 24065801
joe@brasherattorney.com

6430 Wellington Place
Beaumont, Texas 77706
(409) 832-3737 Telephone
(409) 832-3838 Fax